USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/10/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KEVIN KAUFFMAN,

                  Plaintiff,

      - against -

NEW YORK PRESBYTERIAN HOSPITAL,

                  Defendant.
-------------------------------------------------------------X

23-CV-4964 (AT) (RWL)

**REPORT AND RECOMMENDATION TO HON. ANALISA TORRES: <u>MOTION TO DISMISS</u>**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      Plaintiff Kevin Kauffman ("Kauffman" or "Plaintiff"), proceeding *pro se*, asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y. City Admin. Code § 8-101 et seq. ("NYCHRL"), against his former employer, Defendant New York Presbyterian ("Defendant" or "NYPH"). Kauffman alleges that he was subject to religious discrimination by being denied a religious exemption from NYPH's mandatory COVID-19 vaccine policy and then terminated for not being vaccinated. The Court previously dismissed Kauffman's initial complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). Kauffman, with the Court's grant of leave, filed an amended complaint (the "Amended Complaint" or "AC"). NYPH now moves to dismiss the Amended Complaint on the same grounds because Kauffman has not added any factual allegations to state a viable claim. For the reasons that follow, I recommend that Defendant's motion be GRANTED without further leave to amend.

1

**FACTUAL BACKGROUND**

As required on a Rule 12(b)(6) motion to dismiss, the Court takes the well-pled facts alleged in the complaint as true and draws all reasonable inferences in favor of Plaintiff, as the non-moving party. *See Morrison v. National Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

In 2021, Kauffman was employed by NYPH during the height of the COVID-19 pandemic.[1] In June 2021, Kauffman was informed by NYPH of a new policy requiring hospital employees to receive the COVID-19 vaccine. (AC at ECF 8 and Ex. A.) NYPH employees had until August 1, 2021, to request an exemption; if such an exemption was denied, the policy required employees to receive the first dose of the COVID-19 vaccine by September 1, 2021.[2] (AC Ex. A.) The policy stated that compliance – either by vaccination or exemption – was required as a condition of continued employment. (*Id.* at ECF 12.) On July 12, 2021, Kauffman submitted a request for an exemption from NYPH's policy on the basis that he held a "religious/deeply held belie[f]." (AC at ECF 8.) Kauffman's request was denied. (*Id.*) Kauffman alleges that the "panel of judges" who reviewed his exemption denied his request "without reason." (*Id.*)

---

[1] The Court may take judicial notice of facts regarding COVID-19. *L.T. v. Zucker*, No. 21-CV-1034, 2021 WL 4775215, at *1 n.3 (N.D.N.Y. Oct. 13, 2021) ("The Court takes judicial notice of facts regarding the spread and lethality of COVID-19 as reported by dependable public health authorities"); *see also Hopkins Hawley LLC v. Cuomo*, No. 20-CV-10932, 2021 WL 1894277, at *2 n.2 (S.D.N.Y. May 11, 2021) ("Under Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of facts that are 'generally known within the trial court's territorial jurisdiction.' General facts regarding the COVID pandemic indisputably fall within Rule 201's purview") (internal citations omitted).

[2] These dates differ than those alleged by Kauffman in his initial complaint, which set forth dates from an email Kauffman sent to himself in June 2023, two years after the events in question. (*See* Dkt. 1 at ECF 10.)

On August 26, 2021, the New York Department of Health (the "DOH") enacted Section 2.61, requiring healthcare facilities to "continuously require personnel to be fully vaccinated against COVID-19, with the first dose for current personnel received by September 27, 2021, for general hospitals and nursing homes, and by October 7, 2021 for all other covered entities absent receipt of an exemption," (the "DOH Mandate" or "Section 2.61").[3] 10 N.Y.C.C.R.R. § 2.61(c); *Medical Professionals for Informed Consent v. Bassett*, 78 Misc.3d 482, 484, 185 N.Y.S.3d 578, 581 (N.Y. Sup. Ct. 2023) (describing enactment history).

Under Section 2.61, "personnel" is defined as "all persons employed or affiliated with a covered entity, whether paid or unpaid, including but not limited to employees, members of the medical and nursing staff, contract staff, students, and volunteers, who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." *Id.* § 2.61(a)(2). "Covered entities" are defined as "(i) any facility or institution included in the definition of "hospital" in section 2801 of the Public Health Law, including but not limited to general hospitals, nursing homes, and diagnostic and treatment centers." *Id.* § 2.61(a)(1). Under the DOH Mandate, covered entities were only permitted to grant "personnel" medical

---

[3] The Court takes judicial notice of Section 2.61 and its legislative history. On a motion to dismiss, the Court may take judicial notice of "documents retrieved from official government websites," *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp.3d 156, 166 (S.D.N.Y. 2015), or other "relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012); Fed. R. Evid. 201(b) (permitting judicial notice of facts "not subject to reasonable dispute").

exemptions.[4]  *Id.* § 2.61(d).  Covered entities that refused to abide by the DOH Mandate exposed themselves to severe penalties.[5]  Kauffman does not dispute that he falls under the definition of personnel or that NYPH is a covered entity under the DOH Mandate.

On September 16, 2021, NYPH informed Kauffman by letter that he was non-compliant with the COVID-19 vaccination policy and had until September 22, 2021, to become compliant.  (*See* AC Ex. B.)  Kauffman did not get vaccinated for COVID-19 and received an email on September 23, 2021, informing him that NYPH "accepted [his] resignation from employment, … effective immediately."  (AC at ECF 8 and Ex. B.)  Kauffman sent an email in response stating that he had not resigned and wanted to "proceed with the next steps in the process."  (AC at ECF 9 and Ex. B.)  NYPH ignored his communication.  (AC at ECF 9.)

---

[4] There has been considerable litigation regarding the DOH's enactment of Section 2.61. The Second Circuit, however, has held that any constitutional challenges against Section 2.61 were not likely to succeed.  Specifically, the Circuit struck down arguments under (a) the Supremacy Clause based on preemption by Title VII, (b) the Free Exercise Clause under the First Amendment, and (c) the plaintiffs' fundamental rights under the Fourteenth Amendment.  *See We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 272, 280 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021) ("*We The Patriots II*"), *cert. denied sub nom. Dr. A. v. Hochul*, 142 S. Ct. 2569 (2022).

[5] With the end of the COVID-19 pandemic, Section 2.61 was repealed in 2023, but the DOH stated publicly that it may continue to seek sanctions against providers based on previous violations.  *See* Proposed Repeal of Section 2.61 from Title 10 NYCRR, Amendment of Sections 405.3, 415.19, 751.6, 763.13, 766.11, 794.3 & 1001.11 of 10 NYCRR & Sections 487.9, 488.9 & 490.9 of 18 NYCRR (Removal of the COVID-19 Vaccine Requirement for Personnel in Covered Entities), New York Dep't of Health (June 28, 2023) ("Effective immediately the Department will cease citing providers for failing to comply with the requirements of 10 NCYRR Section 2.61 while the regulation is in the process of being repealed. The Department may, however, continue to seek sanctions against providers based on previously cited violations that allegedly occurred").

**PROCEDURAL BACKGROUND**

On July 15, 2022, Kauffman filed a complaint with the Equal Employment Opportunity Commission (the "EEOC") asserting a charge of employment discrimination based on religion. (AC at ECF 16.) On March 25, 2023, the EEOC issued Kauffman a notice of his right to sue. (*Id.* at ECF 15.) Kauffman, proceeding *pro se*, filed the instant action against NYPH on June 12, 2023, asserting claims for alleged violations of Title VII, NYSHRL, and NYCHRL arising from the denial of his request for a religious exemption and subsequent termination of his employment with NYPH. (Dkt. 1.)

On October 2, 2023, NYPH moved to dismiss the complaint pursuant to Rule 12(b)(6). (Dkt. 13.) By report and recommendation dated May 16, 2024, this Court recommended dismissal of the complaint but with leave to amend (the "R&R"). (Dkt. 25.) District Judge Torres adopted the R&R in its entirety on June 10, 2024. (Dkt. 26.)

The R&R found that "NYPH cannot be liable for religious discrimination based on Kauffman's termination" because allowing him to continue employment without being vaccinated would impose undue hardship on NYPH by requiring it to violate state law – namely, the DOH Mandate – and would impose risk to the safety of personnel, patients, and visitors as well as risk of legal liability. (Dkt. 25 at 12-16.) The R&R noted that "[c]ourts in this Circuit routinely hold that undue hardship exists as a matter of law where an accommodation, including with respect to COVID-19 vaccination, would require the defendant to violate state law, including the DOH Mandate." (*Id.* at 12-13 (collecting cases).) Consistent with other courts, the Court also rejected Kauffman's argument that NYPH was free not to comply with the DOH Mandate after it was temporarily enjoined. (*Id.* at 14-15.) The Court granted Kauffman leave to amend, however, because "the Court

[could] not definitely say that Kauffman would be unable to allege any facts that would entitle him to pursue his claims" – such as if he did not come within the definition of "personnel" of the DOH Mandate. (*Id.* at 17.)

Kauffman filed the Amended Complaint on July 16, 2024. (Dkt. 27.) The Amended Complaint differs from the initial complaint in a few respects. First, it includes a somewhat longer recitation of facts, although much of it is laced with legal argument and conclusory statements. (AC at ECF 8-9.) Second, it dropped one exhibit (an email Kauffman sent to himself two years after the events at issue), while adding others (copies of the NYPH policy statement and September 23, 2021, termination email). Third, the Amended Complaint claims not only religious discrimination but also retaliatory termination.

On July 30, 2024, NYPH filed the instant motion to dismiss the Amended Complaint, supported by a memorandum of law ("Def. Mem."), and a declaration of Emily A. Vance ("Vance Decl."). (Dkt. 28-30.) Kauffman filed a response in opposition on September 19, 2024 ("Pl. Opp."). (Dkt. 34.) On October 7, 2024, NYPH filed a reply brief ("Def. Reply"). (Dkt. 35.) The matter is fully briefed and before me for report and recommendation.

## LEGAL STANDARDS

The legal standards remain the same as those governing the initial motion to dismiss.

### A.   Rule 12(b)(6) Motion To Dismiss

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). A claim is facially plausible when the factual

6

content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557). On a 12(b)(6) motion to dismiss, all allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)).

### B.    Review Of *Pro Se* Pleadings

"Pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). "[T]he Second Circuit, as a general matter, is solicitous of pro se litigants, enforcing standards of procedural leniency rather than holding them to the rigidities of federal practice." *Massie v. Metropolitan Museum of Art*, 651 F. Supp.2d 88, 93 (S.D.N.Y. 2009); *see also Weixel v. Board of Education*, 287 F.3d 138, 141 (2d Cir. 2002) (reversing dismissal where district court failed to construe pro se plaintiff's complaint liberally); *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir. 1989) ("Once a pro se litigant has done everything possible to bring his action, he should not be penalized by strict rules which might otherwise apply if he were represented by counsel"). That said, "pro se status does not

exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (internal quotation marks and citations omitted).

## DISCUSSION

As with his initial complaint, Kauffman alleges that NYPH engaged in religious discrimination by denying him a religious exemption from the COVID-19 vaccination requirement and then retaliated against him by terminating his employment. NYPH asserts three grounds for dismissing the Title VII discrimination claim: (1) the Amended Complaint fails to sufficiently plead that Kauffman sincerely held a religious belief against vaccination; (2) the Amended Complaint fails to sufficiently plead that any adverse action was "because of" Kauffman's religious beliefs; and (3) as a matter of law, the religious accommodation sought by Kauffman would cause undue hardship for NYPH. The third argument alone is reason enough to dismiss Kauffman's discrimination claim. As for Kauffman's religious retaliation claim, NYPH argues it should be dismissed because Kauffman fails to plausibly plead any causal connection between his termination and having sought a religious-based exemption. The Court agrees. The Court also agrees with NYPH that the Court should not extend supplemental jurisdiction over the Amended Complaint's state law claims, and that Kauffman should be denied leave to amend.

### I.     Kauffman's Title VII Claims

**A.     Religious Discrimination**

Under Title VII, an employer may not discriminate "against any individual ... because of such individual's ... religion ...." 42 U.S.C. § 2000e-2(a)(1). "The term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate ... an

8

employee's ... religious observance or practice without undue hardship on the conduct of the employer's business." *Id*. § 2000e(j). "[A]t the pleadings stage of an employment discrimination case, a plaintiff has a '***minimal*** burden' of alleging facts 'suggesting an inference of discriminatory motivation.'" *Vega v. Hempstead Union Free School District,* 801 F.3d 72, 85 (2d Cir. 2015) (citing to *Littlejohn v. City of New York*, 795 F.3d 297, 310-11 (2d Cir. 2015) (emphasis in original)). The facts alleged, however, "need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination." *Littlejohn*, 795 F.3d at 311.

To meet this minimal burden under Title VII, a plaintiff must "plausibly allege that (1) the employer took adverse action against him, and (2) his … religion … was a motivating factor in the employment decision." *Vega,* 801 F.3d at 87. Those elements in turn require a plaintiff to show that (1) he held a bona fide religious belief conflicting with an employment requirement; (2) he informed his employer of this belief; and (3) he suffered an adverse employment action for failure to comply with the conflicting employment. *D'Cunha v. Northwell Health System*, No. 23-476-CV, 2023 WL 7986441, at *2 (2d Cir. Nov. 17, 2023); *Knight v. Connecticut Department of Public Health*, 275 F.3d 156, 167 (2d Cir. 2001). An employer, however, is not liable under Title VII if it can show that the requested accommodation "would cause the employer to suffer an undue hardship." *D'Cunha*, 2023 WL 7986441, at *2 (citing *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002)). The affirmative defense of undue hardship "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) ... if the defense appears on the face of the complaint." *Id.* (citing *Iowa Public Employees Retirement System v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010) (internal quotation marks and citation omitted)).

Although NYPH advances multiple reasons for dismissal of Kauffman's Title VII claim, the most persuasive is the same reason that required dismissal of Kauffman's initial complaint: his claim is foreclosed by the DOH Mandate; regardless of Kauffman's request for religious exemption from the vaccination requirement, NYPH could not maintain his employment without the undue hardship of violating the DOH Mandate and putting hospital patients, employees, and visitors at risk for their health.[6] *See* Dkt. 25 at 14 ("NYPH could not have granted [Kauffman] an exception without violating the law, and he cannot maintain a claim for religious discrimination based on his termination"). The Court incorporates by reference its previous analysis (*id.* at 12-16), which is consistent with numerous decisions within this Circuit issued both before and after the decision dismissing Kauffman's initial complaint. As the court stated in no uncertain terms in a similar case against NYPH, "[i]t is well established that Defendant would suffer an undue hardship as a matter of law if it was required to accommodate Plaintiff by exempting Plaintiff from the vaccine requirement, while allowing her to perform work that would require her to be vaccinated under the [DOH] Mandate, because such accommodation would require Defendant to violate the law." *Shahid-Ikhlas v. New York Presbyterian Hospital, Inc.*, 2023 WL 3628151, at *5 (S.D.N.Y. May 24, 2023), *R. & R. adopted*, 2023 WL 3626435 (S.D.N.Y. May 24, 2023) (granting motion to dismiss); s*ee also Greene v.*

---

[6] For similar reasons, Kauffman has failed to plausibly plead facts giving rise to an inference that his employer discharged him because of his religion. The sole basis for his discrimination claim is, at bottom, that his religious exemption request was denied and he was discharged for failure to obtain the COVID-19 vaccination. Kauffman's conclusory allegations that NYPH used "psychological tactics," "threats," and "coercion" to obtain compliance with the vaccination requirements merely proves the point. (AC at ECF 8.) The Court need not address NYPH's additional argument that Kauffman fails to plead a sincerely held religious belief in conflict with the COVID-19 vaccination requirements.

*Northwell Health Inc.*, 23-CV-4846, 2024 WL 4287875, at *17 (E.D.N.Y. Sept. 25, 2024) (granting motion to dismiss because "[t]he face of the Amended Complaint demonstrates that granting [plaintiff] an exemption from the vaccination requirement would have caused the Healthcare Employer Defendants an undue hardship because it would have required them to violate [the DOH Mandate]); *Greenberg v. Visiting Nurse Services in Westchester*, No. 23-CV-4252, 2024 WL 4252550, at *7 (S.D.N.Y. Sept. 19, 2024) (granting motion to dismiss and recognizing that "a veritable chorus of federal courts in New York have consistently dismissed similar Title VII claims against healthcare employers that instituted policies consistent with the [DOH] Mandate on the basis that granting employees religious exemptions would have created an undue hardship on the employer by forcing them to violate the Mandate"); *Parks v. Montefiore Medical Center*, No. 23-CV-4945, 2024 WL 917330, at *2 (S.D.N.Y. March 4, 2024) (granting motion to dismiss where employer demonstrated violating DOH Mandate would cause undue hardship); *Cagle v. Weill Cornell Medical*, 680 F. Supp.3d 428, 436 (S.D.N.Y. Jun. 30, 2023) (granting motion to dismiss because "employer is [not] required by Title VII to accommodate a request for a religious exemption from the [DOH]" Mandate at the cost of violating … New York Law"); *D'Cunha v. Northwell Health Systems*, No. 22-CV-0988, 2023 WL 2266520, at *3 (S.D.N.Y. Feb. 28, 2023) (granting motion to dismiss Title VII claim regarding mandatory COVID-19 vaccination because exempting plaintiff from vaccination would create undue hardship), *aff'd*, 2023 WL 7986441 (2d Cir. Nov. 17, 2023); *Riley v. New York City Health and Hospitals Corp.*, No. 22-CV-2736, 2023 WL 2118073, at *4 (S.D.N.Y. Feb. 17, 2023) (granting motion to dismiss Title VII claim seeking religious exemption from DOH Mandate because "Title VII cannot be used to

11

require employers to break the law"); *Does 1-2 v. Hochul*, 632 F. Supp.3d 120, 145 (E.D.N.Y. 2022) (granting motion to dismiss Title VII claim seeking exemption from DOH Mandate because it would impose an undue hardship on the defendant in the form of requiring it to violate state law).

Kauffman's arguments in opposition essentially repeat those of his initial opposition and are no more persuasive now than they were then. He asserts that because DOH was temporarily enjoined from enforcing the Mandate as of September 14, 2021, the DOH Mandate "never existed at the time his exemption was denied nor upon suspension and termination." (Pl. Opp. at ECF 13.) But as this Court previously found in addressing the very same argument on the first motion to dismiss, the temporary injunction was "irrelevant" because, as other courts have held, that "ruling did not permit covered entities, like NYPH, to ignore the [DOH Mandate] simply because a temporary injunction was in effect." (Dkt. 25 at 14-15 (collecting cases).)

Similarly, Kauffman incorrectly asserts that the DOH Mandate did not contain "any rules and regulations forcing NYP[H] to terminate unvaccinated employees." (Pl. Opp. at ECF 13.) Not so. As previously held, the DOH Mandate required healthcare institutions to ensure that all medically eligible employees – such as Kauffman – were vaccinated against COVID-19. (Dkt. 25 at 12-15; DOH Mandate § 2.61.) Kauffman also posits that NYPH faced no undue hardship as NYPH continued to employ "unvaccinated employees with medical exemptions." (Pl. Opp. at ECF 13.) But that argument overlooks that the DOH Mandate expressly allowed medical exemptions. DOH Mandate § 2.61(d); *We The Patriots*, 17 F.4th at 272 ("The [DOH Mandate] establishes a medical exemption to the

vaccination requirement, but – consistent with New York's prior vaccination requirements for healthcare workers – does not include an exemption based on religious belief").

Finally, Kauffman seems to suggest that NYPH should have accommodated him by giving him an indefinite "unpaid leave of absence," citing a Fourth Circuit case recognizing that temporary unpaid leave "can be a reasonable accommodation under the Americans with Disabilities Act." (Pl. Opp. at ECF 13 (citing *Hannah v. United Parcel Service*, 72 F.4th 630 (4th Cir. 2023).)  That argument fails for multiple reasons.  The *Hannah* case did not involve the DOH Mandate or any vaccination requirement.  Nor did it involve a request for religious-based exemption or accommodation.  Further, Kauffman does not allege that he requested any accommodation short of a complete exemption from the vaccination requirement.  In any event, as the Fourth Circuit recognized, unpaid leave "may be reasonable where the disability that interferes with an employee's capacity to complete assigned tasks is temporary and there is reason to believe that a leave of absence will provide a period during which the employee will be able to recover and return to work."  72 F.4th at 636-37.  Kauffman does not plead any facts to indicate that at the time of his termination the vaccination requirement or DOH Mandate would be short-lived such that he would be able "to recover and return to work."

Plaintiffs in similar cases sometimes have been placed on a brief period of unpaid leave prior to, but not in place of, termination.  *See, e.g., Greenberg*, 2024 WL 4252550, at *4 (5-day unpaid leave before termination); *Corrales*, 2023 WL 2711415, at *3 (13-day unpaid leave period).  The Court is not aware of any cases recognizing indefinite unpaid leave as an alternative to termination for failure to comply with vaccination requirements compelled by the DOH Mandate.  To the contrary, at least one court has rejected such a

13

proposition.  *See Greene*, 2024 WL 4287875, at *16 (rejecting plaintiff's argument that "Defendants could have taken other action short of terminating her employment, such as placing Greene on unpaid leave until Section 2.61 was sorted out in Court") (internal quotation marks and modifications omitted).

In dismissing Kauffman's claim the first time, the Court granted leave to amend because of the possibility that Kauffman might be able to plead facts demonstrating that he was not "personnel" covered by the DOH Mandate or that NYPH could have accommodated his request by re-deploying him to a non-covered personnel position. (*See* Dkt. 25 at 17.)  But under settled Second Circuit precedent, the only potential accommodation that NYPH could have offered was a fully remote position that removed Kauffman from the scope of the DOH Mandate.  *See We The Patriots II*, 17 F.4th at 370. The Amended Complaint does not allege any facts suggesting that his duties could have been performed fully remotely.  *See Greene*, 2024 WL 4287875, at *17 (rejecting plaintiff's argument that hospital could have taken other measures short of denying exemption and termination for failure to get COVID-19 vaccination, in part because amended complaint contained no allegations that plaintiff's responsibilities could be performed remotely); *Zuckerman v. GW Acquisition LLC*, No. 20-CV-8742, 2021 WL 4267815, at *12 n.16 (S.D.N.Y. Sept. 20, 2021) (dismissing failure to accommodate disability claim where plaintiff alleged "no facts from which the Court could infer that she could perform the essential functions of her job from home").  As before, Kauffman does not dispute that NYPH is a covered healthcare entity under the DOH Mandate or that he qualifies as personnel under the same.  Accordingly, dismissal of his Title VII claim of discrimination is required.

**B.     Retaliatory Termination**

To establish a prima facie case of retaliation under Title VII, a plaintiff must show (1) that he participated in a protected activity; (2) the defendant knew of the protected activity; (3) the employee suffered an adverse employment action; and (4) a causal relationship between the protected activity and the adverse employment action. *Dotson v. City of Syracuse*, 688 F. App'x 69, 72 (2d Cir. 2017). Liberally read, the Amended Complaint contains the first three elements. It does not, however, plausibly plead a causal connection between Kauffman's having requested a religious exemption and his termination. The sole basis for Kauffman's termination reflected in the Amended Complaint is Kauffman's failure to become vaccinated after his request for exemption was denied, not Kauffman's having made the request in the first place. As another judge in this District recently explained in dismissing a similarly defective complaint with prejudice, termination of the plaintiff "so as to conform with Section 2.61 [of the DOH Mandate] severs any possible causal connection between her termination and her request for a religious exemption …. In other words, seeking to come into compliance with law by terminating Plaintiff was not an unlawful employment practice." *Booth v. New York Presbyterian Hospital-Behavioral Health Center*, No. 22-CV-10114, 2024 WL 1381310, at *5 (S.D.N.Y. Mar. 29, 2024). The same conclusion is equally apt here. Kauffman's retaliation claim is no more viable than his discrimination claim.

## II.     State Law Claims

Federal district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Extending jurisdiction is discretionary, *see City of Chicago v.*

15

*International College of Surgeons*, 522 U.S. 156, 173, 118 S.Ct. 523, 533-34 (1997), and a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); *see In re Merrill Lynch Ltd. Partnerships Litigation*, 154 F.3d 56, 61 (2d Cir. 1998) ("when the federal claims are dismissed the 'state claims should be dismissed as well'") (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966)).  That is exactly the scenario here.  Because the Title VII claim should be dismissed, and this matter is only in its early stages, the Court should decline supplemental jurisdiction over Kauffman's claims under state and city laws.  *See, e.g.*, *Parks*, 2024 WL 917330, at *4 (declining to extend supplemental jurisdiction over NYSHRL and NYCHRL claims after dismissing federal claims); *Riley*, 2023 WL 2118073, at *6 (same); *see generally Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 619 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims").

### III.    Leave To Amend

The Court previously provided Kauffman with an opportunity to amend his complaint.  As discussed above, however, the Amended Complaint does not add any material facts to support Kauffman's claims.  Because Kauffman has already had the opportunity to amend, and no further amendment can cure the reasons for dismissal of his Title VII claim, the Amended Complaint should be dismissed without leave to amend.  *See, e.g.*, *Moore v. Montefiore Medical Center*, No. 22-CV-10242, 2023 WL 7280476, at *8 (S.D.N.Y. Nov. 3, 2023) (dismissing with prejudice *pro se* plaintiff's Title VII discrimination claims because "claims [would] ultimately fail due to the undue hardship

16

[employer] would face by granting [plaintiff's] exemption request" under DOH Mandate); *D'Cunha*, 2023 WL 2266520, at *6 (dismissing without leave to amend because plaintiff had "already amended her complaint once and, in opposing Defendant's motion, did not seek leave to amend again").

## CONCLUSION

For the foregoing reasons, I recommend that NYPH's motion be GRANTED and the Amended Complaint be dismissed without leave to amend. The Title VII claim should be dismissed with prejudice. The state and city claims should be dismissed without prejudice. To the extent not discussed herein, the Court has considered all of Plaintiff's arguments and determined them to be either moot or without merit.

## DEADLINE FOR OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Any party shall have fourteen (14) days to file a written response to the other party's objections. Any such objections and responses shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Analisa Torres, United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, at United States Courthouse, 500 Pearl Street, New York, New York 10007. Any request for an extension of time for filing objections must be addressed to Judge Torres. **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review**.

17

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   December 10, 2024
         New York, New York